CECILIA ANGELICA REPETTO V. TEXAS

NO. 07-00-0011-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 14, 2000

______________________________

CECILIA ANGELICA REPETTO,

Appellant

V.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 219
TH
 DISTRICT COURT OF COLLIN COUNTY;

NO. 219-80367-99; HON. CURT HENDERSON, PRESIDING

_______________________________

Before BOYD, C.J., QUINN and REAVIS, JJ.

Cecilia Angelica Repetto (appellant) was convicted of the felony offense of possession of a controlled substance and was sentenced to two years confinement in the Texas Department of Corrections Institutional Division.  Appellant’s sentence was suspended and she was placed on community supervision for four years.  In a single point of error, appellant appeals the denial by the trial court of her motion to suppress evidence alleging that the evidence upon which she was convicted was gained pursuant to an illegal custodial interrogation.   We affirm.
(footnote: 1)

Background

On February 6, 1999, appellant was stopped for speeding by a police officer working for the City of Frisco.  The officer approached appellant’s automobile and asked for her driver’s license and proof of liability insurance.  The officer noticed that the insurance card produced by appellant appeared to have been filled in with “an older style typewriter” and did not look like other insurance cards he had seen from Allstate.  When asked by the officer whether the insurance card was genuine, appellant first responded affirmatively but later admitted that it was a fake card.  In order to further verify the invalidity of the card, the officer checked the telephone number listed on the card for the insurance agent and the vehicle identification number of appellant’s car, neither of which were correct.  Having determined that appellant had produced a fake insurance card, the police officer placed her under arrest and performed a search of the vehicle incident thereto.  Appellant’s purse was the only item removed from the automobile by the officer and it was transported, along with appellant, to the police station.  

At the police station appellant’s purse was inventoried pursuant to a policy requiring that all property belonging to prisoners be inventoried prior to booking.    During the course of the inventory, the officer discovered “marijuana drop” which he described as “the little tiny bit [of marijuana] that falls out and collets [sic] over a period of time” in the interior and zippered side compartments of the purse.  In addition, the officer found a zip-lock baggy containing cocaine in the purse’s side compartment.  After discovering the drugs in appellant’s purse, the officer directed two female officers to perform a strip search of appellant that resulted in the discovery of additional cocaine in her bra.  Appellant was then booked into jail for possession of a controlled substance.

In her sole point of error, appellant argues 1) that she was custodially interrogated without having first been given the warnings prescribed by 
Miranda v. Arizona,
 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966), 2) that the interrogation led to her arrest and the discovery of the cocaine, and 3) that “[b]ecause the discovery of the cocaine was a fruit of the illegal interrogation, the trial court should have suppressed the evidence.”  We disagree and overrule the contention.

Standard of Review

We review a decision on a motion to suppress under an abuse of discretion standard.  
LaSalle v. State
, 923 S.W.2d 819, 823 (Tex. App.-- Amarillo 1996, pet. refd).  Although questions of law are subject to unfettered de novo review, the same is not necessarily true with regard to mixed questions of law and fact.  That is, the application of law to fact is a mixed question of law and fact.  
Guzman v. State
, 955 S.W.2d 85, 89 ( Tex. Crim. App. 1997).  Furthermore, when the resolution of the ultimate question turns on an evaluation of the credibility and demeanor of the witnesses, then we afford almost total deference to the manner in which the trial court applied the law to facts before it.  The same deference is afforded the trial court’s determination of the historical facts involved. 
Id
.  In all other situations, we review, de novo, the manner in which the law is applied. 
 Id
. 

Application of Standard

The record reveals that appellant was stopped for driving 73 miles per hour in a 45 mile per hour zone.  There is no evidence that the officer initially stopped and detained appellant for any reason other than the speeding violation.  After the stop occurred, the officer requested appellant’s driver’s license and proof of insurance.  Once these items were produced, the question concerning the validity of appellant’s liability insurance card arose, prompting the officer to ask appellant whether the card was valid.  Appellant responded that the card was genuine and the officer then stated that 
if 
the card was found to be fictitious, appellant would be arrested for that.  It was at that moment that appellant voluntarily made the statement to the officer that the card was fake.  Following that verbal exchange, the officer commenced an investigation of the card which proved to be fake.  

In Texas, valid investigatory stops have been held to include warrant checks, car registration checks and verification of identity.  
Petty v. State,  
696 S.W.2d 635, 638 (Tex.App.– Dallas 1985, no pet.).  Furthermore, custodial interrogation has been defined as questioning initiated by law enforcement officers after a person has been taken into custody and deprived of his freedom of action in any significant way.  
Miranda
 384 U.S. at 444.  While persons stopped for traffic violations may not be free to leave at any time, they are not significantly deprived of their freedom of action.  
Berkemer v. McCarty,
 468 U.S. 420, 436-37, 440, 104 S. Ct. 3138, 3148-3149, 82 L.Ed.2d 317, 332-333, 335 (1984); Wicker v. State, 740 S.W.2d 779, 786 (Tex.Crim.App. 1987), cert. denied, 485 U.S. 938, 108 S. Ct. 1117, 99 L.Ed.2d 278 (1988) (applying the factors of whether the stop was temporary and brief and conducted in the absence of a “police dominated” atmosphere as opposed to the isolation and intimidation that concerned the court in 
Miranda
).

As in 
Berkemer
, appellant here was detained by the officer along a public street and not in a police dominated atmosphere.  Furthermore, there is no evidence that appellant was detained for any longer than was necessary for the officer to complete his investigation of the validity of the insurance card.    Moreover, it was only after the card was determined not to be genuine that the officer placed appellant under arrest.  The fact that the question of the insurance card’s validity required further investigation by the officer does not constitute placing appellant “in custody” for purposes of 
Miranda. Smith v. State, 
789 S.W.2d 350, 353 (Tex. App. -- Amarillo 1990, pet. ref’d.) This is so because the record contains no evidence that had the insurance card been genuine, the officer would have done anything other than issue a ticket or a warning for speeding and send appellant on her way.   Instead, the officer advised appellant that 
if
 the card was found to be fictitious she would be arrested, a clear indication that appellant had not been placed in custody when she told the officer the card was fake. 

Thus, we find that from the time of the initial stop through the investigation undertaken by the officer, appellant was being detained in the context of a routine traffic stop.  During the process, the officer did not question appellant concerning any matters other than whether the insurance card was genuine in the same manner as an officer might ask a violator if the address on his driver’s licence is correct.  Appellant’s ultimate response in the affirmative was not in answer to further questioning by the officer, but rather as a voluntary statement.  Further, there is nothing of record to indicate that the officer had an intention to arrest appellant at the time he undertook his investigation of the card.  Any decision to arrest necessarily turned upon the outcome of his investigation and was made 
after 
appellant admitted that the card was fake.  Thus, we conclude that appellant’s statements to the officer did not occur during a custodial interrogation and, therefore, appellant was not entitled to 
Miranda
 warnings.  
See  State v. Waldrop
, 7 S.W.3d 836, 839 (Tex. App.–Austin, 1999, no pet.)  That being the case, we find that there was no illegal arrest of appellant and, therefore, any evidence discovered pursuant to the arrest of appellant was legally seized.  The trial court’s ruling on appellant’s motion to suppress is affirmed.

Per Curiam

Do not publish.

FOOTNOTES
1:
Having found that oral argument would not significantly aid the court in determining the legal and factual issues presented in the appeal, this appeal is decided without oral argument.  
Tex. R. App.P.
 39.8.